UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 09-118 |
| DAVID L. MCFADDEN | SECTION: J(3) |

**ORDER**

David McFadden, a financial planner who falsely held himself out as a licensed Certified Public Accountant, carried out a scheme in which he sold high commission variable annuities and mutual funds to clients and made material misrepresentations regarding the potential rate of return on those investments. McFadden also represented to his clients that their investments were in well-diversified investments when in truth, some of the client's investments were heavily invested in high volatile stocks. During the scheme, McFadden encouraged many of his clients to make Rule 72(t) withdrawals and wrongly convinced those clients that these withdrawals would allow them to retire and maintain their current lifestyles. McFadden's scheme and misrepresentations affected over 130 victims, resulted in losses of over 14 million dollars,[1] and caused many individuals to lose their lifetime and retirement savings.

McFadden's actions resulted in the filing of a class action

---

[1] There have been many arguments made as to how to calculate the total loss in this matter. The approximate "14 million dollar" figure was calculated by taking the total amount invested by the victims, and subtracting out any amounts withdrawn during the course of the scheme and any amounts remaining in the victims' account at the end of the scheme.

suit, which was initiated in 2003 against he and the brokerage firm he was associated with. The class action suit was carried out in three phases and the victims were classified as being in Group 1, Group 2, or Group 3. Through class settlements, the three groups received over 57 million dollars, prior to attorneys and other fees.

On April 22, 2009, a bill of information was filed, which charged McFadden with conspiracy to commit securities fraud, in violation of Title 18 U.S.C. § 371. McFadden pled guilty to the charge on May 27, 2009.

On January 21, 2010, McFadden's sentencing hearing was held and McFadden was sentenced to a term of 60 months, the statutory maximum. At the sentencing hearing, the government objected to the restitution calculation in the pre-sentencing report ("PSR"). According to the PSR, the victims were not entitled to restitution because they fully recovered their losses through the class action settlements. However, the government argued that many of the victims did not fully recover because some victims did not recover compounded legal interest, as calculated by the Blue Sky Laws. At the hearing, the Court conditionally sustained the government's objection and postponed the decision on the restitution issue pursuant to 18 U.S.C. § 3664(d)(5). On April 13, 2010, the Court held a restitution hearing and took the issue under advisement.

After reviewing the history of this case, the applicable law, and the parties' memoranda, this Court finds as follows:

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, makes restitution available when victims have suffered pecuniary losses.  Under the MVRA, defendants are required to make full restitution for offenses in which an identifiable victim has suffered a pecuniary loss.  United States v. Beydoun, 469 F.3d 102, 107 (5th Cir. 2006) (citing 18 U.S.C. § 3663A(c)(1)(B)).  The burden of proof is on the government to demonstrate, by a preponderance of evidence, the amount of loss sustained by a victim.  Id. (citing 18 U.S.C. §§ 3664(a),(e)).  The MVRA does not permit restitution awards to exceed the victim's loss.  Beydon, 469 F.3d at 107 (citing United States v. Boccagna, 450 F.3d 107, 117 (2d. Cir. 2006)).

At the restitution hearing, the government presented numerous schedules to the Court.  Through these schedules, the government proposed that the Court calculate the loss to the victims based on Blue Sky Law calculations, less any amounts already recovered by the victims.  The government also proposed that the Court consider excluding from the "recovered amount" total those proceeds that were charged for attorneys' fees and expenses in the civil suit.

However, the government has not convinced this Court that these are methods that can appropriately be used to calculate the

victims' losses.  The government has not provided any case law or statutory authority that allows this Court to consider the victims' forfeited gains under the Blue Sky Laws, as opposed to the victims' actual losses.  Nor has the government provided authority that would allow this Court to exclude from the victims' recovery amount those proceeds that were recovered but charged for attorneys' fees or expenses in the civil suit.  Therefore, the government has not satisfied its burden of proving the amount of the victims' loss.

Accordingly, although this Court is sympathetic to the plight of the victims in this matter, the Court is limited to what is provided for in the restitution statutes.  Based on the approximate 14 million dollar loss suffered by the victims, compared to the approximate 57 million dollars already recovered, this Court finds that the victims' recovery has exceeded their losses and that no further restitution can be granted.  <u>See</u>, <u>e.g.</u>, <u>Beydon</u>, 469 F.3d at 107 (stating the MVRA does not permit restitution awards to exceed the victim's loss).

Therefore, **IT IS ORDERED** that McFadden is not responsible for any further restitution.

New Orleans, Louisiana, this 21st day of April, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4